IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW BEVERLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:10-cv-02522-JHH-RRA |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 10, 2011, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 8.) On March 22, 2011, the plaintiff filed objections to the report and recommendation, which include allegations not set out before. (Doc. 9.)

The plaintiff was arrested on April 12, 1979 for capital murder. After being found guilty, he received the death penalty. (Doc. 9 at 12.) The plaintiff was later retried, convicted, and sentenced to life without parole. *Id*.

The plaintiff, a white male, claims that Madison County Circuit Judge James Smith and Madison County Circuit Clerk Jane Smith denied him access to courts by failing to provide him with criminal records concerning two black males he claims were arrested on capital murder charges, but they were released on bond. (Doc. 9 at 12.) The plaintiff alleges that prosecutors "fals[e]ly aggravated" the murder charge against him "to produce racial quotas . . . ." *Id*. at 11. He believes that prosecutors did not want to try a black male first, after re-enactment of the death penalty. *Id*.

at 13.

The plaintiff seeks copies of the case action summary sheets which show "arrest dates, bond dates, [and] trial dates" as well as "any and all motions for continuance" filed on behalf of these two individuals. (Doc. 6. at 3.) The plaintiff requests that if the documents "[they're] hiding from plaintiff say what plaintiff has heard, then give leave for plaintiff to file a 2nd lawsuit on five other defendants for conspiracy (sic) to commit murde[r], discrimination, false charges, vindictive prosecution, and cruel and unusual punishment." (Compl. at 4.) He also states that the "need for these documents has evolved further to support a stay of execution for 220 men on Alabama Death Row." (Doc. 9 at 2.)

The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment assures inmates of a right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). However, in order to prevail on a claim that his right of access to courts has been violated, an inmate must show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). "The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1271 (11th Cir. 2010). Moreover, the allegations concerning the underlying cause of action "must be specific enough to give fair notice to the defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Id.* (internal citation and quotations omitted).

The plaintiff has not identified an underlying cause of action that he is unable to pursue because of the defendants' failure to provide him with the requested documents. The plaintiff alleges generally that he wants to sue five defendants for conspiracy to commit murder, discrimination, false

charges, vindictive prosecution, and cruel and unusual punishment, but he does not allege who he intends to sue or the factual allegations associated with his claims. Moreover, to the extent the plaintiff seeks these documents to aid in a stay of execution for certain inmates on death row, he cannot prosecute any claims in federal court on behalf of other persons because he is proceedings *pro se*. *See Wheat v. United States*, 486 U.S. 153, 159 (1988).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. An appropriate order will be entered..

**DONE** this the ___20th___ day of April, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE